WALKER J. BURNS, Individually and as Administrator of the Estate of MILDRED T. BURNS, Deceased, Appellant, v. JOHN G. TURNBULL et al., Respondents, et al., Defendants.— On appeal by plaintiff from so much of an order settling the account of defendants, as trustees under a trust agreement which has been determined to be illusory, as disallows plaintiff's objections to the accounting and grants a stay of execution to defendants, order modified on the law as follows: By striking out the first and second ordering paragraphs and providing in lieu thereof: " Ordered, that the objections of the plaintiff to the accounting of the defendants John G. Turnbull and Wallace Hutchinson be and the same are allowed to the extent of the **sums of $910 income; $16.54** and $37.86, disbursements and printing expenses; and $73.89, $8.25, $106.35 and $3.25 income taxes, a total of $1,156.14, paid after December 1, 1941, and otherwise the objections are disallowed and dismissed; and further Ordered, that the accounting as filed by the said defendants be modified so as to charge defendants with the payment to the plaintiff, as administrator, of principal in the sum of $22,813.91, consisting of the $12,000 mortgage, and securities in the sum of $9,660.25, set forth in schedule C, and $1,153.66 in cash, and with the payment of income to the plaintiff, as administrator, in the sum of $1,988.23 in cash. As so modified, the accounting is hereby confirmed and allowed and, further "; and by inserting in the third ordering paragraph, between the words " modified and confirmed " and " and that such final judgment," the following: " Together with interest, dividends or other accruals, if any." As so modified, the order is affirmed, without costs. The modification is in accordance with the determination upon reargument in *Burns* v. *Turnbull* (*post*, p. 822, decided herewith). Close, P. J., Hagarty, Carswell, Adel and Aldrich, JJ. concur.

WALKER J. BURNS, Individually and as Administrator of the Estate of MILDRED T. BURNS, Deceased, Appellant, v. JOHN G. TURNBULL et al., Respondents, et al., Defendants.— Action to cancel, set aside and declare void a trust agreement made by the decedent Mildred T. Burns. On reargument (266 App. Div. 779), judgment dismissing the complaint reversed on the law and

the facts, without costs, and judgment granted in favor of plaintiff canceling, setting aside and declaring illusory the trust agreement dated August 22, 1938, requiring respondents Turnbull and Hutchinson to account for all the property included in the alleged trust agreement or its proceeds, together with all rents, profits or income derived therefrom, and to deliver to the plaintiff, as administrator of the estate of Mildred T. Burns, the said principal, proceeds, rent, profits or income, excepting such amounts as were disbursed prior to December 1, 1941, in accordance with the provisions of the trust agreement. The order entered May 17, 1943, under the original decision of this court is resettled accordingly. This court's decision has been correctly interpreted by Special Term as providing that there should be a complete accounting upon which the propriety of the respondents' disbursements prior to December 1, 1941, the date the appellant demanded that the respondents turn over the property, was to be considered. Resettlement of our order is directed to eliminate any doubt as to this court's intention. Upon reconsideration of the form of our order, findings of fact Nos. 17, 36, 37 and 38, conclusions of law Nos. 10, 11, 16 and 17, and the provision allowing costs against the respondents are eliminated. Finding of fact No. 27 and conclusions of law Nos. 7 and 12 are modified to set forth the date of the demand and to indicate that the plaintiff then became entitled to possession of the assets in the trustees' hands. Conclusion of law No. 13 is modified by substituting the word "illusory" for the word "void". It does not appear that the respondents acted in bad faith in entering upon and performing their supposed duties as trustees and in defending this action. In the exercise of discretion, therefore, costs should not have been awarded to the appellant. Close, P. J., Carswell, Johnston, Adel and Lewis, JJ., concur.